UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


IN RE: ATLANTIC POWER            )
CORPORATION SECURITIES           )
LITIGATION                       )      CIVIL ACTION NOS.
                                 )      13-10537-DPW
                                 )      13-10610-DPW
This Document Relates to:        )      13-10622-DPW
                                 )      13-10684-DPW
    *All Cases*                  )      13-10991-DPW
                                 )
                                 )

                        MEMORANDUM AND ORDER
                           March 31, 2014

    Before me in this collection of securities fraud cases I have consolidated are a series of motions for appointment of lead plaintiffs and the related approval of lead plaintiffs' selection of counsel. Following a hearing on these motions, two plaintiff groups – the Feldman, Shapero, Carter and Smith Investor Group and what has now been refined as the Schwartz, Parker and Oman Investor Group – and their counsel remain in contention for designation as lead plaintiffs with an associated approval of lead counsel.

    Both Groups have aggregated significant losses they seek to vindicate and their comparative losses are sufficiently close in amounts that – particularly in light of the fact that the precise amounts may be modified by reconfiguring membership in the groups – I do not reflexively rely on simple and arbitrary arithmetic calculations in vindicating the statutory presumption of

appointing the members of the investor class with the largest financial interest.  15 U.S.C. § 78u-4(a)(3)(b)(I).  In this connection, I am adversely influenced by the protean quality to membership in the Schwartz, Parker and Oman group which initially chose not to provide specificity regarding its loss amount.[1]

Rather, I turn directly to the Rule 23 dimensions of lead plaintiff choice, specifically the capacity to protect the interests of the class fairly and adequately.  While I do not intend to place too great an emphasis on stumbles at the threshold, I find that counsel for the Schwartz, Parker and Oman group have not – at the threshold – shown the attention to detail and forthcoming sensibility which are foundational requirements for lead plaintiffs and their chosen counsel.  The certification submitted on behalf of one of the initially proposed members of the investor group was misdated, another did not date her certification and no certification was provided by another proposed group member.  Counsel for the group did not acknowledge

---

[1] The justification offered is that the statute does not require disclosure so they had no obligation to be forthcoming in this respect.  This purported reliance on a reading of the statute as the sole source of its responsibilities for disclosure to the court and adverse parties not only delayed full comparative analysis; it bespeaks a less than full commitment to transparency in providing the court with information that it ultimately would require to make its decision.  It also presented the prospect that this plaintiff group, or perhaps more accurately, its designated counsel, hoped to keep its options open while reconfiguring tactics for its approach to consideration of the selection of lead plaintiff and their counsel.

- or perhaps even recognize - the significance of these shortcomings or attempt to rectify them until it was made a subject of the court's concern at the hearing in this matter. The indisposition of counsel selected by the Schwartz, Parker and Oman Investor Group to be forthcoming has already, *see* Note 1 *supra*, been noted.

I also recognize that the battle to become lead plaintiff and lead counsel in this case has been somewhat acrimonious with a focus on marginal distinctions. I have read and reread the submissions and come to the settled conclusion that as between the two Groups, the Feldman, Shapero, Carter and Smith Investor Group, through its designated counsel, will best serve in the capacity of lead plaintiffs. The post hearing submissions demonstrate a particular willingness and capacity to function in a meaningful fashion in overseeing the litigation in a coordinated and collaborative fashion.

For these reasons, briefly stated, I ALLOW the motions of the Feldman, Shapero, Carter and Smith Investor Group to be appointed Lead Plaintiff and approve the Lead Plaintiff's selection of Saxena White P.A. and Morgan and Morgan, P.C. as Co-Lead Counsel and Berman DeValerio as Liaison Counsel.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE